### SARAH DOYLE *vs.* DUSTIN COBURN.

A conditional judgment may be rendered in an action to foreclose a mortgage of land which does not convey an existing estate of homestead therein, and a formal possession may be taken on the execution, sufficient to bar the right in equity to redeem, without actually dispossessing those who are in under the estate of homestead.

Covenants of warranty in a deed of land do not estop the grantor from availing himself of an estate of homestead therein which existed at the time of the execution of the deed.

An estate of homestead is not defeated by the removal of the wife and children of the householder from the premises, or by her obtaining a divorce from bed and board, and a decree giving to her the custody of the children, if he continues to reside thereon; nor can she by her own separate act deprive him of such estate.

WRIT OF ENTRY to foreclose a mortgage given by the defendant to the plaintiff, of land which was subject to an estate of homestead for the benefit of the grantor and his family. The mortgage contained full covenants of warranty, and was not signed by the defendant's wife.

At the trial in the superior court, before *Wilkinson*, J., there was evidence tending to show that the defendant's wife and child left him and removed from the premises in 1861, and that in April 1862 she obtained a divorce from bed and board, and a decree giving to her the custody of the child, and alimony; and that for the alimony and the costs of the proceeding her husband's interest in the premises was sold on execution, after the commencement of this action, and conveyed to the plaintiff by the officer. The judge instructed the jury that if these facts were proved the plaintiff was not entitled to recover; and they returned a verdict for the defendant. The plaintiff alleged exceptions.

*T. H. Sweetser & A. R. Brown*, for the plaintiff.

*C. M. Williams*, for the defendant.

DEWEY, J. 1. The mortgage deed given by the defendant to the plaintiff unquestionably conveyed the reversionary interest of the defendant in the premises therein described. The homestead estate is not an estate in fee simple, but a limited estate which may or may not continue for the life of the husband and wife, and for a term of years for their children; but in no event

beyond that. It is this homestead interest that cannot be con-veyed by the sole deed of the husband. Beyond the limited estate thus carved out, the husband has an estate in reversion, which may be the subject of sale or mortgage by him by his sole deed. *Smith* v. *Provin,* 4 Allen, 516. *White* v. *Rice,* 5 Allen, 73.

As an action to foreclose the mortgage of this reversion made by the defendant to the plaintiff, this action is maintainable, and judgment may be rendered thereon, and a formal possession given sufficient to bar the right in equity to redeem this mort-gage after the expiration of three years. But such entry will be subject to the full enjoyment of any homestead estate that has previously attached to the premises.

2. The further inquiry is as to the existence of any homestead estate in these premises, that makes it necessary to enter a qualified judgment. Such homestead was created by *St.* 1855, *c.* 238. The only questions as to it now are 1. Whether the defendant has by his deed of mortgage estopped himself from setting up this homestead estate; 2. Whether the homestead right has been extinguished by the various acts of the parties holding that estate.

As to the estoppel, however reasonable this might seem to be if the homestead right was created by the statute for the exclu-sive benefit of the husband, yet looking at the subject in its proper light, and viewing it as a provision especially designed to secure a residence for the wife and children, exempt from any sale by the husband or a levy by his creditors, to sustain such estoppel as against the husband would be to dismember the family and exclude him from the premises, while the wife and children would be entitled to the full and exclusive possession of the homestead. The homestead estate cannot be thus de-feated by the sole conveyance of the husband, but for such pur-poses and to that extent it is wholly inoperative. This point is directly decided in the case of *Connor* v. *McMurray,* 2 Allen, 202, holding such a mortgage by the husband alone wholly in-operative to defeat the homestead estate in any respect.

3. Nor did the separation of the husband and wife, as shown by

her withdrawal in 1861, taking with her the child, defeat the homestead estate. The defendant has personally occupied the same as his place of residence up to the present time. He acquired his homestead as " a householder having a family." It is not necessarily lost by the death or absence of his wife and children. Others may be adopted as members of his household, and his homestead retain its existence.

Nor do the withdrawal of the wife under a decree for a divorce from bed and board obtained on her application, and the assignment to her of the custody of the child, defeat the husband's right of homestead, he continuing to occupy it as such.

The sale on execution would have no such effect, if the right still existed, inasmuch as the right of homestead is exempt from levy and sale on execution. Nor is it material that the wife assented to such sale, and that it was a sale for her benefit. The homestead exemption is for the benefit of the husband as well as the wife. This sale, being after the commencement of the present action, could not aid the title of the plaintiff in this suit, if it were material to rely upon that answer. But the rights of the defendant to a homestead are not affected by that sale.

The proper entry of judgment in this case will be in favor of the right of the plaintiff to maintain the action for a foreclosure of his mortgage as a mortgage of the reversionary interest of the mortgagor, to take effect after the termination of the homestead estate. A formal entry for that purpose may be made, but not to interfere with the enjoyment of the homestead estate by the defendant, so long as that estate continues.